# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KOESTER and | ) | |
| LAURIE KOESTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case Number: |
| v. | ) | 7:12-cv-02528-JEO |
| | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

In this action originally filed in state court, Anthony and Laurie Koester ("Plaintiffs") assert that Defendant State Farm Fire and Casualty Company[1] ("State Farm") is liable under Alabama law on the theory that its denial of Plaintiffs' homeowners insurance claim for damage to the roof of their residence was in violation of the policy and in bad faith.  (Doc.[2] 1-2 ("Complaint" or "Compl.")). State Farm removed the action, invoking this court's diversity jurisdiction.  (Doc. 1 ("Notice of Removal" or "NOR")).  Plaintiffs have now filed a motion seeking remand, contending that jurisdiction is lacking, as well as an award of costs and attorney fees pursuant to 28 U.S.C. § 1447(c).  (Doc. 5).  State Farm has filed a response in opposition.  (Doc. 6).  Upon consideration, the court[3] concludes that the action is due to be remanded to state court but that Plaintiffs' motion for attorney fees is due to be denied.

---

[1] This party defendant is identified in the state-court complaint and on this court's docket sheet as "State Farm Insurance Company."  However, that party states in its notice of removal that such designation is incorrect and that its correct name is "State Farm Fire and Casualty Company."

[2] Citations herein to "Doc(s). ___" are to the document numbers assigned by the clerk, as reflected on the docket sheet, to the pleadings, motions, and other documents in the court file.

[3] The parties have consented to exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) and LR 73.2.  (Doc. 10).

## I.      BACKGROUND

Through legal counsel, Plaintiffs filed this action in the Circuit Court of Tuscaloosa County on June 20, 2012.  (Compl.)  The material allegations of their pleading are these:  Plaintiffs' owned a home in Northport, Alabama, which was insured under a homeowner's policy issued by State Farm. (*Id.* ¶¶ 5-6).  In April 2009, Plaintiffs reported damage to the roof of their home to State Farm.  (*Id.* ¶ 7).  That same month, a State Farm agent examined the premises with a roofer, at which time the agent told Plaintiffs that the damage was cosmetic and did not meet the policy deductible.  (*Id.* ¶ 8). In January 2010, Plaintiffs reported water leaks in the front bedroom to State Farm, which sent an adjuster to investigate the claim.  (*Id.* ¶¶ 9-10).  The adjuster inspected the home and delivered an estimate for the damages, which included a partial repair of the roof.  (Compl. ¶ 11).  In June 2011, Plaintiffs submitted a "supplemental claim for damages" to State Farm, signed by the contractor who performed the repair work. (*Id.* ¶ 12).  State Farm sent another adjuster to evaluate the "supplemental claim," but State Farm denied it.  (*Id.* ¶¶ 13-14).

Based on the foregoing allegations, Plaintiffs assert in Count I that State Farm is liable under Alabama law for breach of the insurance contract.  (*Id.* ¶¶ 16-17).  In Count II, Plaintiffs aver that State Farm further committed the state-law tort of bad faith, both because State Farm had "no debatable reason" for denying the claim (*id.* ¶ 19) and because State Farm "failed to properly investigate" the claim.  (*Id.* ¶ 20).  On each Count, Plaintiffs "demand judgment against Defendant State Farm for damages, plus interest and costs, in an amount to be determined by a jury."  (Compl., Ad Damnum Clauses following ¶¶ 17, 21).

On July 24, 2012, State Farm timely removed the action to this court, founding jurisdiction upon 28 U.S.C. § 1332.  (NOR ¶¶ 3, 5).  Under that statute, a federal district court may hear a civil

action (1) that is between citizens of different states and (2) where the matter in controversy exceeds $75,000, exclusive of interest and costs. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006); *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806), overruled on other grounds, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson,* 2 How. 497, 43 U.S. 497, 555 (1844); *see also* U. S. Const. Art. III, § 2. There is no dispute that the parties are completely diverse[4]. To show the amount in controversy, State Farm attaches materials indicating that that the subject policy (Doc. 1-1 ("Policy")) has dwelling coverage limits of $143,360, and that State Farm made "partial payment of the claim referred to in Plaintiffs' Complaint" in amounts totaling $30,938.54 between February 2010 and May 2011. (NOR ¶ 6(2)[5]; *see also* Doc. 1-3, Affidavit of Eddie Travelstead). Subtracting the latter from the former, State Farm calculates that $112,421.46 remains in benefits potentially available under the policy. (NOR ¶ 6(2)). Based on that circumstance, State Farm argues, "along with Plaintiffs' claim for punitive damages pursuant to the bad faith claim, the jurisdictional amount in controversy is satisfied." (*Id.*)

Plaintiffs have filed a motion to remand (Doc. 5), accompanied by a supporting brief (Doc. 5-1), arguing that State Farm has failed to show the requisite amount in controversy. Plaintiffs do not challenge State Farm's calculations with regard to the limits of the available coverage under their policy. Plaintiffs instead emphasize that State Farm has failed to support that Plaintiffs are seeking policy limits or that the amount of their contested "supplemental claim" exceeds $75,000. Rather, Plaintiffs offer an affidavit from Laurie Koester averring that the amount of such claim submitted

---

[4] State Farm's notice of removal alleges facts indicating that it is a citizen of Illinois and that, upon information and belief, Plaintiffs are citizens of Alabama. (NOR ¶¶ 1-2).

[5] State Farm's notice of removal contains two paragraphs numbered as "6." (NOR p. 3). Citations herein to "NOR ¶ 6(1)" are to the "first" such paragraph, while "NOR ¶ 6(2)" refers to the "second."

3

and denied by State Farm was $12,834.80. (*See* Doc. 5-1 at p. 7; Doc. 5-3, ¶¶ 3-4). Plaintiffs further argue that State Farm cannot make up the difference between that amount and the jurisdictional threshold simply by pointing out that Plaintiffs might recover punitive damages on the bad faith claim. Plaintiffs also seek an award of attorney fees pursuant to 28 U.S.C. § 1447(c).

State Farm has filed a response in opposition to Plaintiffs' motion. (Doc. 6). State Farm does not contest Plaintiffs' contention that their "supplemental claim" submitted to State Farm was $12,834.80. State Farm appears to argue, however, that the $30,938.54 in benefits it paid to Plaintiffs under the policy prior to suit being filed is also due to be considered as part of the amount in controversy. (*See id.* at p. 7 & n.2). State Farm adds that the court, using its "judicial experience and common sense," can discern that the jurisdictional amount is met based upon the availability of additional damages for emotional distress and punitive damages. (*Id.* at p. 10-12). State Farm also highlights that Plaintiffs have not stipulated in their motion or in an affidavit that they are *not* seeking more than $75,000. (*Id.* at p. 9 n. 3). Finally, State Farm argues that Plaintiffs' application for attorney fees under § 1447(c) is due to be denied because the removal was valid, or, in the alternative, because State Farm acted in "good faith" and had "an objective, reasonable, and fact-based foundation for its removal." (Id. at p. 13).

## II.   DISCUSSION

### A.   The Motion to Remand

Defendants generally may remove a civil action filed in a state court if the action could have been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To effect such a removal, defendants are required to file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings,

and orders served in the action.  28 U.S.C. § 1446(a); *Roe v. Michelin N. Amer., Inc.*, 613 F.3d 1058,

1060 (11th Cir. 2010).  After a case is removed, however, if the district court determines at any time

before entry of final judgment that it lacks subject matter jurisdiction, the case must be remanded

to state court.  28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638-39

(2009).  Further, "[b]ecause removal jurisdiction raises significant federalism concerns, federal

courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should

be resolved in favor of remand to state court."  *City of Vestavia Hills v. General Fidelity Ins. Co.*,

676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *University of S. Ala. v. American Tobacco Co.*, 168

F.3d 405, 411 (11th Cir. 1999)); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th

Cir. 2006).

        The removing party bears the burden of proof regarding the existence of federal subject-

matter jurisdiction.  *Vestavia Hills*, 676 F.3d at 1313 n. 1 (citing *Connecticut State Dental Ass'n v.

Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)); *see also Miedema v. Maytag

Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006).  State Farm removed the instant action based upon the

alleged existence of jurisdiction under § 1332(a).  There is no dispute that the parties are completely

diverse; the only jurisdictional question, rather, is whether the amount-in-controversy is also met.

Where, as here, a plaintiff makes an unspecified demand for damages in state court, a removing

defendant must prove by a preponderance of the evidence that the amount in controversy exceeds

the jurisdictional requirement.  28 U.S.C. § 1446(c)(2)(B); *see also Roe*, 613 F.3d at 1061; *Tapscott

v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Of course, that standard does not imply

that "a removing defendant is ... required to prove the amount in controversy beyond all doubt or to

banish all uncertainty about it." *Pretka*, 608 F.3d at 754.  However, a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).  The jurisdictional inquiry focuses on how much is in controversy at the time of removal. *Pretka*, 608 F.3d at 751.  The plaintiffs' likelihood of success on the merits is "largely irrelevant" to the jurisdictional inquiry because the pertinent question is what is "*in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka*, 608 F.3d at 751 (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (emphasis in both *Amoche* and *Pretka*)).

In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even 'when the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (citing *Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F.3d at 1319)).  Where a defendant argues as much, the court is to examine the pleading in light of its "judicial experience and common sense" to evaluate the amount in controversy. *Roe*, 613 F.3d at 1062.  In so doing, the court is authorized to make "reasonable deductions" and draw "reasonable inferences," *id.* at 1061-62, but the court cannot exercise jurisdiction upon mere "conjecture, speculation, or star gazing" regarding the amount in controversy. *Pretka*, 608 F.3d at 754; *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007).  The court is also not bound by a plaintiff's representations regarding its claims, nor is it proper to assume that the plaintiff is necessarily in the best position to evaluate the amount of damages sought. *See Roe*, 613 F.3d at 1061.  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time

6

the case was removed." *Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F.3d at 1319).  "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard.  Defendants may introduce their own affidavits, declarations, or other documentation-provided of course that removal is procedurally proper." *Id.*, 608 at 755.

State Farm concedes that it is not apparent from the face of the complaint that the amount in controversy is met (Doc. 6 at p. 4), but State Farm maintains that other materials establish that jurisdictional element.  In support, State Farm relies heavily upon the fact that the amount of coverage potentially remaining on the subject policy is undisputedly well over $100,000.  However, State Farm's reliance on that circumstance is wholly misplaced.  It is true that the amount potentially available under an insurance policy may be relevant to the amount in controversy.  This is most obviously so where a defendant insurer's potential liability would be circumscribed as a matter of law by policy limits below the jurisdictional minimum. *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)[6] (per curiam); *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 64-65 (5th Cir. 1959).  Likewise, where the policy limits exceed the jurisdictional threshold, the face value of the policy generally controls where the parties' dispute involves either the validity of the policy itself, *see Guardian Life Ins. Co. of Amer. v. Muniz*, 101 F.3d 93, 94-95 (11th Cir. 1996) (per curiam), or coverage for claims that appear to put the face amount of the policy at issue, *e.g., C.E. Carnes & Co. v. Employers' Liab. Assur. Corp.*, 101 F.2d 739, 741 (5th Cir. 1939).  *See Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (insurer's maximum potential liability "is

---

[6]Decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

7

relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, of if the value of the underlying tort claims exceeds the liability ceiling.").  Otherwise, however, where a suit involves a dispute over the applicability of a policy to a particular occurrence, the amount in controversy is measured by the value of the underlying claims against the insurer (albeit as potentially limited by the policy limits), not by the face value of the policy.  *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1357 (11th Cir. 2005) ("Where, as here, there is no controversy involving the face value of the policy, ... it would make no sense to consider the policy's face value to be the amount in controversy;" distinguishing *Guardian Life* and *Carnes*); *Goodin v. Fidelity Nat. Title Ins. Co.*, 2012 WL 473913, *3 (M.D. Fla.), *aff'd*, ___ Fed. App'x ___, ___, 2012 WL 4711592 (11th Cir. Oct. 4, 2012); *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911-12 (5th Cir. 2002); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3710 (3d ed. 1998).  This makes sense.  After all, no one thinks that the amount in controversy in every slip and fall case is "unlimited" simply because state law may not impose a hard cap on tort recovery.

As such, State Farm's evidence that the limits of remaining coverage under the subject policy substantially exceed $75,000, standing alone, tells us little to nothing about the amount in controversy.  State Farm fails to reference anything in the complaint or otherwise to support that Plaintiffs assert a right to recover the remaining policy limits on their claim for breach of contract.[7]

---

[7] This case is patently distinguishable from the two cases cited by State Farm on this point.  In both *Baltazar v. Balboa Ins. Co.*, 2011 WL 2020218 (M.D. Fla. 2011), and *Borja v. Geovera Specialty Ins. Co.*, 2011 WL 721475 (M.D. Fla. 2011), the respective plaintiffs sought to recover unpaid policy amounts for sinkhole damage to their homes.  In each case, the court concluded that the complaint placed the remaining policy limits, which were above the jurisdictional threshold, in controversy, because in each case the plaintiff asserted entitlement to the "full cost of repairs," and demanded that if the property "is not repairable within the applicable coverage," he sought "an amount equal to such limits for the total loss."  No such language appears in the complaint here.

Accordingly, the salient issue at this point is simply the value of that claim. State Farm has not presented anything tending to shed light on that matter, such as proof regarding the extent of the claimed damage or cost of repairs. Instead, State Farm seems to argue that Plaintiffs' state-court complaint is overly indeterminate in certain respects, including the extent of damage to the residence and the amount of recovery sought, and that such vagueness is itself a factor favoring removal jurisdiction. State Farm offers no authority for that proposition. A plaintiff in Alabama state court, as in federal court, need only meet the relatively liberal standards of notice pleading, *see* Rule 8(a), ALA. R. CIV. P.; *Ex parte Stenum Hosp.*, 81 So. 3d 314, 317-18 (Ala. 2011), and no demand for a definite sum is necessary. *See Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1414 (M.D. Ala. 1986). If that were not enough, Plaintiffs have submitted an uncontested affidavit indicating that the value of the disputed "supplemental claim" submitted to State Farm was only $12,834.80. In that light, even State Farm's characterization of Plaintiffs' pleading as having been vaguely drafted with a deliberate eye towards defeating removal rings hollow.

While the record supports that $12,834.80 is the minimum in controversy, it remains incumbent upon State Farm to show by a preponderance that at least another $62,165.21 is at issue so as to reach the jurisdictional threshold of $75,000.01. State Farm attempts to make up some of that ground by suggesting that the amount in controversy includes policy benefits totaling $30,938.54 that State Farm paid to Plaintiffs prior to this action being filed. State Farm is wrong on that score, too. As would seem self-evident, when an insurer makes pre-suit payments towards an insured's claim, such amounts are not "in controversy" and thus are not included when determining whether

9

the jurisdictional threshold has been met.[8/]  *State Farm Mut. Auto Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996); *Hamilton v. Liberty Mut. Fire Ins. Co.*, 2006 WL 1423466, *1 (W.D. Wash. 2006); *Gucciardo v. Reliance Ins. Co.*, 84 F. Supp. 2d 399, 403 (E.D.N.Y. 2000); 16 Couch on Ins. § 229:49 (3d ed.); *see also Rowland v. Scottsdale Ins. Co.*, 2012 WL 882552, *2 (M.D. Fla. 2012) (holding it was not apparent from the face of the complaint that more than $75,000 was in controversy where plaintiffs sought policy limits of $90,500.00 "minus pre-suit payments of $38,256.45" by the insurer); *Blackwell v. Great American Fin. Resources, Inc.*, 620 F. Supp. 2d 1289, 1290 & n. 3 (N.D. Ala. 2009) (declining to rely upon $400,000 in principal payments that defendant returned prior to suit as part of the amount in controversy); *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (amount in controversy was one penny shy of the jurisdictional minimum where insureds claimed entitlement to $100,000 in coverage, the insurer insisted coverage was only $25,000, and the insurer offered to pay the latter sum).  Therefore, State Farm's pre-suit payments of $30,938.54 are not part of the amount in controversy.

State Farm next maintains that the jurisdictional amount is met because Count II of the complaint alleges that State Farm's actions in denying the claim amounted to bad faith.  *See generally Chavers v. National Sec. Fire & Cas. Co.*, 405 So. 2d 1 (Ala. 1981); *National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179 (Ala. 1982).  State Farm emphasizes that a plaintiff prevailing on such a tort claim is authorized under Alabama law to recover additional damages beyond the amount of the underlying policy claim, including for emotional distress and punitive damages.

---

[8/]Of course, events occurring subsequent to the institution of suit in federal court reducing the amount recoverable below the jurisdictional minimum do not out jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 292 (1938).  Thus, once jurisdiction has attached, it cannot be defeated by a later payment or admission of liability for a portion of the plaintiff's claim so as to bring the sum in dispute below the jurisdictional amount.  *See Williams v. Employers Mut. Liability Ins. Co. of Wisc.*, 131 F.2d 601, 602 (5th Cir. 1942); *Commercial Credit Corp. v. Lane*, 466 F. Supp. 1326, 1329-30 (M.D. Fla. 1979); *Wheel Horse Sales, Inc. v. Spence*, 566 F.2d 679, 680-81 (10th Cir. 1977).

Because that is so, *see Dempsey v. Auto Owners Ins. Co.*, 717 F.2d 556, 561-62 (11th Cir. 1983), State Farm is correct that it is appropriate for the court to consider the value of those categories of damages, in light of the state-law standards governing their award and review. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240-43 (1943); *Roe*, 613 F.3d at 1065-66; *Broughton v. Florida Intern. Underwriters, Inc.*, 139 F.3d 861, 863-64 (11th Cir. 1998); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (1987). In a related vein, State Farm further highlights that Plaintiffs have not stipulated that they are not claiming damages in excess of $75,000.

State Farm's arguments on this front, however, boil down to little more than an invitation for the court to use its "judicial experience and common sense" to divine that the availability of damages for mental distress and to punish a defendant places at least another $62,165.21 in controversy. It is legally *possible* that Plaintiffs could recover more than the jurisdictional amount based on those additional damages, as Plaintiffs themselves concede. (*See* Doc. 5-1 at 10). However, State Farm's burden in sustaining removal jurisdiction is heavier than that; State Farm must show that it is more likely than not that at least $75,000 is truly in controversy. That Plaintiffs have not stipulated that they are not seeking more than that amount does not go far towards meeting that task. *See Williams*, 269 F.3d at 1319-20; *Flowers v. Cotton States Ins. Co.*, 2009 WL 754451, *2 (M.D. Ala. 2009). Nor is it enough, at least given that Plaintiffs' claimed economic loss appears to be less than $13,000, merely for State Farm to say that the complaint includes a tort claim authorizing additional damages for emotional distress and punitive damages. *See Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F. Supp. 2d 1319, 1321 (N.D. Ala. 2001) ("The more recent cases, both federal and state, require courts to look realistically at claims for punitive damage based on fraud and/or bad faith, especially

if the punitive damages, as claimed or awarded, are badly out of proportion to the actual damages claimed or awarded."); *also compare Freeman's 66 v. Scottsdale Ins. Co.*, 2012 WL 174973, *3 (N.D. Ala. 2012) (removing defendant failed to establish requisite amount in controversy despite existence of bad-faith claim where plaintiff sought $25,000 in economic losses for breach of insurance policy); *Flowers*, 2009 WL 754451 at *2 (remanding *sua sponte* for failure to meet amount in controversy plaintiff alleged bad faith claim but sought about $10,000 in unpaid policy benefits for property stolen from her home); *Fields v. Travelers Indem. Co.*, 2008 WL 2225756, *3 (M.D. Ala. 2008) (remanding for failure to establish jurisdictional amount where plaintiff sought approximately $29,000 for economic loss plus an unspecified amount of punitive damages for bad faith); *Sharritt v. Liberty Mut. Ins. Co.*, 2005 WL 1505994, *2-3 (S.D. Ala. 2005) (same, where evidence showed denied homeowners policy claim alleged underpayment of $6,700); *with Shepherd v. State Farm Fire & Cas. Co.*, 2012 WL 3139752, *3 (N.D. Ala. 2012) (removal jurisdiction present based upon bad-faith claim where the insured sought $41,550 under the policy for property loss); *Rogers v. Hartford Life & Acc. Ins. Co.*, 2012 WL 887482, *1 n. 1 (S.D. Ala. 2012) (defendant carried burden where plaintiff claimed he was due $51,000 in unpaid insurance benefits, plus unspecified damages for "extreme emotional distress," otherwise unidentified additional "financial loss," and punitive damages); *and Prince Hotel, S.A. v. Blake Marine Group*, ___ F. Supp. 2d ___, ___, 2012 WL 870157, *8 (S.D. Ala. 2012) (amount in controversy met where plaintiff sought recovery of over $70,000 in economic losses plus punitive damages).

The court notes that Plaintiffs' complaint neither specifically alleges that they suffered any emotional distress nor expressly demands punitive damages.  Nonetheless, it is assumed that such

damages might still be awarded.[9/]  Even so, nothing before the court supplies a basis from which reasonably to infer that Plaintiffs claim to have suffered emotional distress to some extreme degree. State Farm also has not adequately shown that substantial punitive award is likely at issue, considering the materials before the court showing without dispute that: (1) the complaint acknowledges that State Farm sent an adjuster to inspect the property prior to denying the disputed supplemental claim, (2) that State Farm paid over $30,000 on the same or a closely related policy claim before suit was filed, (3) the underlying policy claim appears to be of relatively limited value (about $12,834.80), and (4) there is no claim or suggestion that State Farm's conduct resulted in physical injury.

Finally, even assuming that comparisons of awards in similar cases might be meaningful, State Farm has not detailed the underlying circumstances or damages awards in any such cases. While not specifically cited by State Farm, the court is aware through its own experience and research that there are reported Alabama cases in which a plaintiff suing an insurer for bad faith has recovered substantial amounts for mental anguish and punitive damages.  *See, e.g., National Ins. Ass'n v. Sockwell*, 829 So. 2d 111 (Ala. 2002) (affirming award of $201,000 for physical pain and mental anguish and $600,000 punitive award); *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1 (Ala. 2001) (authorizing recovery of $21,000 for mental anguish, $180,000 in punitive damages); *Travelers Indemn. Co. of Ill. v. Griner*, 809 So. 2d 808 (Ala. 2001) (affirming $300,000 in compensatory damages and $200,000 in punitive damages); *Alfa Mut. Fire Ins. Co. v. Thomas*, 738

---

[9/]Alabama courts have indicated that neither punitive damages nor damages for emotional distress are special damages that must be specifically pled.  *See Bell*, 320 U.S. at 241 n. 6; *Fidelity-Phenix Fire Ins. Co. of N.Y. v. Murphy*, 146 So. 387, 391 (Ala. 1933) (punitive damages); *Baldwin v. Panetta*, 4 So. 3d 555, 566 (Ala. Civ. App. 2008); *Walker Builders, Inc. v. Lykens*, 628 So. 2d 923, 924 (Ala. Civ. App. 1993) (emotional distress damages).

So. 2d 815 (Ala. 1999) (authorizing compensatory award of $10,000 that included $7,502.08 for mental anguish and $50,000 in punitive damages). However, given both the age of such cases and that they rest on materially different facts, they do not reasonably establish by a preponderance that that more than $75,000 is in controversy in this particular case. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003); *Lowery*, 483 F.3d at 1221. Because State Farm has failed to carry its burden to establish federal jurisdiction, Plaintiffs' motion is due to be granted to the extent that it seeks remand.

### B.    Motion for Attorney Fees

Plaintiffs motion also seeks an award of costs and attorney fees pursuant to 28 U.S.C. § 1447(c), which provides in relevant part: "An order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." Whether to award attorney fees under the statute is committed to the court's discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 139 (2005). There is no presumption that a plaintiff who is successful in securing a remand is by that fact alone entitled to attorney fees or other costs. *Id.* at 137. On the other hand, the statute also does not carry a strong bias against fee awards, either. *Id.* at 138-39. Rather, the standard is this: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141; *see also Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329-30 (11th Cir. 2006). Because the applicable standard is one of objective reasonableness, the subjective motives, good faith, or bad faith of the defendant in removing is not controlling. *See American Airlines, Inc. v. Sabre, Inc.*, ___ F.3d ___, ___ n. 2, 2012 WL 3827276, *4 n. 2 (5th Cir. 2012); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

14

Whether Defendants had an objectively reasonable basis for its removal is a close question. The parties are diverse.  However, several of State Farm's arguments offered to prove the amount in controversy are  misguided.  Those would include State Farm's repeated assertions regarding the supposed significance of the remaining policy limits, as well as State Farm's contention that the pre-suit policy benefits it paid to Plaintiffs count towards the jurisdictional amount.  Further, Plaintiffs have offered evidence indicating that their disputed policy claim was valued at less than $13,000, a fact that State Farm apparently knew or reasonably should have known prior to removing.  Also, while Plaintiffs have not stipulated that they are not seeking at least $75,000, there is nothing to support that Plaintiffs refused, or were asked, to make such a stipulation prior to when State Farm removed the action.

All of the foregoing being said, the court ultimately concludes that State Farm did not entirely lack an objectively reasonable basis for its removal.  As discussed above, while State Farm has failed to show by a preponderance that the amount in controversy is met, it is by no means a legal certainty that Plaintiffs cannot recover at least $75,000.  Plaintiffs themselves admit that, based on the availability of damages for emotional distress and punitive damages on the bad-faith claim.  Further, while the court is not convinced that prior Alabama cases involving bad-faith claims sufficiently bridge the gap between Plaintiffs' claimed economic loss and the federal amount-in-controversy threshold, the court finds that such precedents did provide State Farm with at least an arguable, objectively reasonable basis for believing that the action was subject to removal.  Therefore, Plaintiffs' motion for attorney fees is due to be denied.

## III.   CONCLUSION

Based on the foregoing, Plaintiffs' motion (Doc. 5) is due be **GRANTED IN PART AND**

**DENIED IN PART**.  Specifically, it is due to be **GRANTED** insofar as it requests a remand of this action to Alabama state court but **DENIED** to the extent that it seeks an award of attorney fees pursuant to 28 U.S.C. § 1447(c).  An separate remand order will be entered.

**DONE**, this 22nd day of October, 2012.

_John E. Ott_
**JOHN E. OTT**
Chief United States Magistrate Judge

16